## GREEN *v*. STATE.

### Opinion delivered June 18, 1892.

*Burglary—Butcher's shop.*

> An indictment for burglary committed in breaking and entering a "butcher's shop" is sustained by evidence that the house entered was used exclusively for the sale of meats, though no animals were slaughtered or dressed there.

Error to Saline Circuit Court.

A. M. DUFFIE, Judge.

*A. Curl*, for appellant.

*W. E. Atkinson*, Attorney General, for appellee.

HUGHES, J.   The appellant was indicted and convicted of burglary in breaking and entering a store-house used as a butcher's shop. The evidence showed that the house which he entered was used exclusively as a place for the sale of breakfast bacon, ham, sausage and fresh meats; that no animals of any kind, the flesh of which were exposed in the shop, were slaughtered or dressed by the proprietor; that was all done by other parties elsewhere. The court was asked to give to the jury the following instruction, which was refused, the refusal to give which is alone insisted upon as error: "A butcher's shop or butchery is a place where animals are slaughtered and dressed for market."

In *Doe* v. *Spry*, 1 B. & Ald. 617, it was held that it was sufficient, if the defendant sold the flesh, to consti-

tute him a butcher; and it was said: "There are in many markets butcher's shops where no animal ever is or can be slaughtered, and yet without doubt the persons occupying them carry on the trade of butchers there." The word "butcher" may and often does include the person who cuts up and sells meat. Judicial Interpretation of Common Words and Phrases (by Irving Browne,) p. 57. The instruction was properly refused. Affirmed.